Fox Rothschild LLP
Paul J. Labov
Allen J. Guon
101 Park Avenue, 17th Floor
New York, New York 10017
(212) 878-7900

*Counsel to Tracy L. Klestadt, Plan Administrator of the bankruptcy estate of Choxi.com, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ) | |
| ) | Chapter 11 |
| CHOXI.COM, Inc., ) | |
| ) | Case No. 16-13131-SCC |
| Debtor. ) | |
| ) | |
| TRACY L. KLESTADT, in his capacity ) | |
| as Plan Administrator of the estate of ) | |
| Choxi.com, Inc., ) | Adv. No. |
| ) | |
| Plaintiff, ) | |
| ) | |
| -against- ) | |
| ) | |
| MILBERG FACTORS, INC. and ) | |
| CATHAY HOME, INC., ) | |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS**
**AND DISALLOW CLAIMS**

Tracy L. Klestadt (the "Plaintiff"), in his capacity as Plan Administrator of Choxi.com, Inc., a/k/a Nomorerack.com, Inc., the above-captioned debtor (the "Debtor"), by and through his counsel, Fox Rothschild LLP, hereby files this complaint to avoid and recover preferential transfers against Milberg Factors, Inc. ("Milberg") and Cathay Home, Inc. ("Cathay," and together with Milberg, the "Defendants"), and in support thereof avers as follows:

## NATURE OF ACTION

1. The Plaintiff brings this adversary proceeding to avoid and recover certain avoidable transfers made to or for the benefit of the Defendants prior to the commencement of the Debtor's bankruptcy case. Specifically, the Plaintiff seeks the entry of a judgment against the Defendants: (a) avoiding certain preferential transfers pursuant to 11 U.S.C. § 547(b) and (b) directing the Defendants to pay an amount to be determined at trial that is not less than the amount of avoidable transfers, plus interest and costs, pursuant to 11 U.S.C. § 550(a). Furthermore, the Plaintiff seeks to disallow any and all claims of the Defendants against the Debtor's estate pursuant to 11 U.S.C. §§ 502(d) so long as the Defendants fails to pay or surrender to the Plaintiff the value of the avoidable transfers.

## JURISDICTION AND VENUE

2. On November 10, 2016 ("Petition Date"), certain creditors of the Debtor filed an involuntary petition for relief against the Debtor in the United States Bankruptcy Court for the Southern District of New York ("Court") under chapter 7 of Title 11 of the United States Code ("Bankruptcy Code").

3. On December 5, 2016, the Debtor filed its answer to the involuntary petition by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. On December 9, 2016, the Bankruptcy Court entered an order for relief converting the case to a case under chapter 11 of the Bankruptcy Code, effective as of December 5, 2016.

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b), and Section 11.1 of the Plan which is incorporated into the Confirmation Order (defined below).

6. This adversary proceeding constitutes a core proceeding within the meaning of one or more subsections of 28 U.S.C. § 157(b)(2)(A), (B), (C) and (F).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## PARTIES

8. On December 18, 2017, the Court entered the *Order Confirming Debtor's Chapter 11 Plan of Liquidation and Granting Related Relief* ("Confirmation Order") confirming the *Corrected Plan of Liquidation of Choxi.com, Inc. a/k/a Nomotrrack.com, Inc. Pursuant to Chapter 11 of the Bankruptcy Code*, dated October 9, 2017, as amended, modified and/or supplemented from time to time (the "Plan") [Dkt. No. 173.]

9. Pursuant to Section 7.2 of the Plan, the effective date of the Plan occurred on January 2, 2018 (the "Effective Date").

10. By the Confirmation Order, the Plan Administrator was appointed and authorized to take all steps reasonably necessary to effectuate and fulfill the provisions in the Plan.

11. Under the Section 5.1 of the Plan, as of the Effective Date, the Plan Administrator has authority to "assert, prosecute or settle all Causes of Action and/or Avoidance Actions belonging to the Estate."

12. Pursuant to the Confirmation Order and the Plan, the Plaintiff has the exclusive right, authority and discretion to file and prosecute this cause of action.

13. The name of each of the Defendants is Milberg Factors, Inc. and Cathay Home, Inc.

## GENERAL BACKGROUND

14. During the 90-day period preceding the Petition Date, the Defendants received a payment from the Debtor in an amount not less than $30,000.00 (the "Transfer"). The date and the amount of the Transfer is attached hereto as Exhibit A.

15. In October 2018, the Plaintiff sent a letter making a demand upon Milberg to return the value of the Transfer.

3

79930045.v1

16. To date, the Defendants have not paid or surrendered to the Plaintiff the value of the Transfer.

## COUNT I

**(Avoidance of Preferential Transfer Pursuant to 11 U.S.C. § 547 – All Defendants)**

17. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 16 above, as if fully restated herein.

18. The Transfer was made to or for the benefit of a creditor of the Debtor at the time the Transfer was made.

19. The Transfer was made on account of an antecedent debt owed by the Debtor before such transfer was made.

20. Upon information and belief, each creditor had no collateral, security interest or lien to secure payment for the products delivered or services rendered to the Debtor or on behalf of the Debtor.

21. Upon information and belief, the each of the Defendants was the initial or mediate transferee of the Transfers.

22. The Debtor was presumed to have been insolvent at the time of the Transfer pursuant to 11 U.S.C. § 547(f).

23. At the time that the Transfer was made, the sum of the Debtor's debts exceeded the sum of its property at a fair valuation.

24. Upon information and belief, the Transfer enabled the Defendants to receive more on account of antecedent debts owed by the Debtor than the Defendants would have received if, as of the date of the Transfer, the Debtor had commenced a case under chapter 7 of the Bankruptcy Code, the Transfer had not been made, and the Defendants received payment on account of the corresponding antecedent debt to the extent provided by the provisions of the Bankruptcy Code.

25. By reason of the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. § 547.

WHEREFORE, the Plaintiff requests that this Court enter judgment in his favor and against the Defendants on Count I as follows: (i) declaring that the Transfer is avoidable transfers pursuant to 11 U.S.C. § 547(b); and (ii) granting such other and further relief as the Court deems just and equitable.

## COUNT II
### (Recovery of Avoided Transfer Pursuant to 11 U.S.C. § 550 - Milberg)

26. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 25 above, as if fully restated herein.

27. Milberg was the initial transferee of the Transfer or the entity for whose benefit the transfer was made.

28. Alternatively, Milberg was the immediate or mediate transferee of the initial transferee of the Transfer.

29. The value of the Transfer, to the extent it is avoided pursuant to 11 U.S.C. § 547, may be recovered by the Plaintiff pursuant to 11 U.S.C. § 550.

WHEREFORE, the Plaintiff requests that this Court enter judgment in his favor and against Milberg on Count II as follows: (i) declaring that the Plaintiff may recover the Transfer from Milberg pursuant to 11 U.S.C. § 550; (ii) ordering Milberg pay to the Plaintiff the value of the avoidable transfer in an amount not less than $30,000.00, plus all interest, costs and fees to the extent permitted by applicable law; and (iii) granting such other and further relief as the Court deems just and equitable.

## COUNT III

### (Recovery of Avoided Transfer Pursuant to 11 U.S.C. § 550 - Cathay)

30. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 25 above, as if fully restated herein.

31. Cathay was the initial transferee of the Transfer or the entity for whose benefit the transfer was made.

32. Alternatively, Cathay was the immediate or mediate transferee of the initial transferee of the Transfer.

33. The value of the Transfer, to the extent it is avoided pursuant to 11 U.S.C. § 547, may be recovered by the Plaintiff pursuant to 11 U.S.C. § 550.

WHEREFORE, the Plaintiff requests that this Court enter judgment in his favor and against Cathay on Count III as follows: (i) declaring that the Plaintiff may recover the Transfer from Cathay pursuant to 11 U.S.C. § 550; (ii) ordering Cathay pay to the Plaintiff the value of the avoidable transfer in an amount not less than $30,000.00, plus all interest, costs and fees to the extent permitted by applicable law; and (iii) granting such other and further relief as the Court deems just and equitable.

## COUNT IV

### (For Disallowance of Claims Pursuant to 11 U.S.C. § 502(d) – All Defendants)

34. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 33 hereof, as if fully restated herein.

35. As a result of the Transfer, the Defendants are the transferees of a transfer that may be avoidable under 11 U.S.C. § 547, and the Plaintiff may recover property from Defendants under 11 U.S.C. § 550.

6

79930045.v1

36. To the extent that the Defendants fail to repay the avoidable Transfer, any claim of the Defendants shall be disallowed pursuant to 11 U.S.C. § 502(d).

37. The Defendants have not paid or surrendered to the Plaintiff the value of the Transfer, and, therefore, any claim that the Defendants have against the Debtor's estate must be disallowed.

WHEREFORE, the Plaintiff requests that this Court enter judgment in his favor and against Defendants on Count IV as follows: (i) disallowing any and all claims of the Defendants against the Debtor's estate pursuant to 11 U.S.C. § 502(d); and (ii) granting such other and further relief as the Court deems just and equitable.

Dated: December 3, 2018

        By: */s/ Paul J. Labov*
           **Fox Rothschild LLP**
           Paul J. Labov
           Allen J. Guon (*Pro Hac Vice To Be Filed*)
           101 Park Avenue, 17th Floor
           New York, New York 10017
           (212) 878-7900
           plabov@foxrothschild.com
           aguon@foxrothschild.com

           *Attorneys for Tracy L. Klestadt, Plan Administrator of the bankruptcy estate of Choxi.com, Inc.*

79930045.v1

## EXHIBIT A

| Clear Date | Check No./WIRE/ACH | Amount Paid |
|---|---|---|
| 10/07/16 | WIRE/ACH | $30,000.00 |
| | **Total Amount Paid** | **$30,000.00** |

79930045.v1

9

79930045.v1